IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL LASHAWN TAYLOR, | ) | |
|---|---|---|
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 13-1052 |
| BRENDA TRITT, et al., | ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| Respondents. | ) ) | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Respondents' Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). For the reasons that follow, the Motion will be granted and the habeas petition will be dismissed with prejudice.

**I.     Background**

On July 20, 2013, Petitioner, state prisoner Michael Lashawn Taylor, filed a petition for a writ of habeas corpus, through counsel,[2] pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 1). On December 13, 2013, Respondents filed a Motion to Dismiss, asserting that the petition is untimely and barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d). (ECF

---

[1]     The parties consented to jurisdiction by a United States Magistrate Judge. *See* (ECF Nos. 11, 14); *see also* 28 U.S.C. § 636(c)(1).

[2]     The Court notes that the prisoner mailbox rule does not apply in this case as Petitioner is represented by counsel. In *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998), the United States Court of Appeals for the Third Circuit held that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." This mailbox rule applies to all petitions filed by pro se inmates in federal court. *See Brewington v. Klopotoski*, 2010 WL 2710526, *3, n. 3 (E.D.Pa. Feb. 23, 2010).

1

No. 6). Petitioner filed a Response in Opposition, (ECF No. 10), to which Respondents filed a Reply. (ECF No. 13).[3] The matter has been fully briefed and is ripe for disposition.

## II. State Procedural Background

Petitioner is challenging the September 11, 2006, judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County of a life sentence without parole after having been found guilty of First Degree Murder and Carrying Firearms without a License. Petitioner timely filed a direct appeal of his judgment of conviction to the Superior Court of Pennsylvania. On December 31, 2007, the Superior Court affirmed the judgment of conviction. On January 30, 2008, Petitioner filed a Petition for Allowance of Appeal (PAA) with the Pennsylvania Supreme Court, which was denied on June 12, 2008. Petitioner did not file a Petition for writ of certiorari to the United States Supreme Court. Accordingly, his judgment of sentence became final on September 10, 2008. *See Gonzales v. Thaler*, -- U.S. ----, 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); *see also Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

On December 26, 2008,[4] Petitioner timely filed a *pro se* petition under the Post-Conviction Relief Act (PCRA). On January 5, 2010, after obtaining counsel, Petitioner filed an amended PCRA petition. On August 11, 2010, Petitioner filed a second amended PCRA

---

[3] Although this document is appears as "Respondent's Supplement to Motion to Dismiss Petition For Writ of Habeas Corpus," it was filed in reply to Petitioner's Response Brief. Accordingly, the Court will treat this document as a Reply Brief.

[4] The parties do not agree on the date that this PCRA petition was filed. However, neither party provided said PCRA petition to the Court. Petitioner's habeas petition states that the PCRA petition was filed on December 26, 2008. Respondents assert that Petitioner filed the first PCRA petition on January 2, 2009. The Court will give Petitioner the benefit of the doubt and use December 26, 2008 as the filing date of PCRA petition.

petition, which was denied on November 30, 2010. Petitioner appealed the dismissal of the PCRA petition to the Superior Court, which was affirmed on June 7, 2011. On June 30, 2011, Petitioner filed a PAA with the Supreme Court of Pennsylvania, which was denied by the Pennsylvania Supreme Court on December 15, 2011.

**III.    Discussion**

As noted supra, the petition sub judice was filed on July 20, 2013. Respondents move to dismiss the petition, arguing that it is untimely. AEDPA is applicable to this case, as the parties recognize, because the petition was filed well after the effective date of the AEDPA, i.e., April 24, 1996. AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d).

## A. Timeliness

Petitioner was sentenced on September 11, 2006 and his PAA was denied by the Pennsylvania Supreme Court on June 12, 2008. Accordingly, the judgment of sentence became final, for AEDPA purposes, ninety (90) days later, on September 10, 2008.

Petitioner timely filed for collateral relief (by filing his first PCRA petition) on December 26, 2008, which was 107 days after his judgment of sentence became final. Petitioner's PCRA proceeding concluded on or around June 15, 2011, which is the date the Pennsylvania Supreme Court denied his PAA. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Swartz*, 204 F.3d at 419-20. AEDPA's limitations period began to run the next day, on June 16, 2011. Because 107 days had already expired from the limitations period, Petitioner had 258 more days – until or around August 30, 2012 – to file a timely federal habeas petition. He did not file the instant habeas petition until July 30, 2013, making it untimely by 324 days.

## B. Equitable Tolling

Petitioner acknowledges that the habeas petition was filed more than one year after his judgment became final, but argues he is entitled to equitable tolling. Petitioner provides the following explanation in his petition:

> The [] petition is not time barred because of the statutory tolling of the statute of limitations during the time his first PCRA petition was filed and pending in the state courts. The [Petitioner] is entitled to equitable tolling for the period from the end of his state court direct appeal and the filing of his first post-conviction petition because he was not advised by counsel of the time requirements of the PCRA and the one-year statute of limitations as contained in 28 U.S.C. § 2244(d). Had Defendant been properly advised, he would have filed his first PCRA petition within 30 days of the Supreme Court's denial of his allocatur petition. Likewise, the [Petitioner] was not properly advised of the time requirements under 28 U.S.C. § 2244(d) by state post-conviction counsel at the end of his state post-conviction appeal. The failure of state appellate counsel and state post-

4

> conviction counsel to properly advise Defendant as to the proper time requirements constitute extraordinary circumstances justifying the application of the doctrine of equitable tolling. In addition, when undersigned counsel was retained by [Petitioner], the statute of limitations had already run due to prior counsel's failure to render the proper advice. The instant petition is filed within a reasonable amount of time after undersigned counsel's retention, counsel's investigation, and his communication with [Petitioner]. Thus, the instant habeas petition is timely filed under 28 U.S.C. § 2244(d)."

*Id.*; *see also* Petitioner's Response Brief (ECF No. 10), at ¶ 4. Respondents, however, counter that Petitioner has not established any extraordinary circumstance, and therefore, has failed "to demonstrate that he is entitled to equitable tolling in the instant matter." Respondents' Reply Brief (ECF No. 13), at ¶¶ 4, 9. The Court agrees with Respondents.

The Court of Appeals for the Third Circuit has held that while AEDPA's statute of limitations is subject to equitable tolling, "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Consequently, a court should employ equitable tolling only when "the principles of equity would make the rigid application of a limitation period unfair." *Id.*

The United States Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)); *see also United States v. Thomas*, 713 F.3d 165, 174 (3d Cir.2013); *Ross v. Varano*, 712 F.3d 784, 798–804 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). While "at least sometimes, an attorney's unprofessional conduct can be so egregious as to create an extraordinary circumstance," "equitable tolling is not warranted for a 'garden variety claim of excusable neglect.'" *Holland*, 560 U.S. at 633; *see also Brown v. Shannon*, 322

5

F.3d 768, 774 (3d Cir. 2002) (attorney negligence in failing to properly advise a client is generally "an insufficient basis for equitable tolling"); *LaCava,* 398 F.3d at 274 ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

Respondents do not contest that Petitioner has been pursuing his rights diligently, and only assert that extraordinary circumstances are not present in the instant matter. Respondents' Reply Brief (ECF No. 13), at ¶ 4. Assuming *arguendo* that Petitioner was pursuing his rights diligently, the Court finds that he has nonetheless failed to establish the presence of any extraordinary circumstance.

Here, Petitioner contends that "[t]he failure of state appellate counsel and state post-conviction counsel to properly advise [Petitioner] as to the proper time requirements constitute extraordinary circumstances justifying the application of the doctrine of equitable tolling." Petition (ECF No. 1), at ¶ 18; Petitioner's Response Brief (ECF No. 10), at ¶ 4. Despite the fact that the habeas petition was filed through counsel with the acknowledgment that it is untimely absent an application of equitable tolling, the assertions in the petition amount to nothing more than "mere excusable neglect." *See Thomas*, 713 F.3d at 175. Petitioner cites to no case law supporting his position that equitable tolling is warranted when prior counsel fails to advise the client of AEDPA's limitations period. Moreover, Petitioner has not alleged any other facts that would justify a finding of extraordinary circumstances. Indeed, Petitioner has "advance[d] no allegations of attorney malfeasance that would elevate this case to an 'extraordinary circumstance' sufficient to warrant equitable tolling." *LaCava*, 398 F.3d at 276. As a result, Petitioner has failed to meet his burden of proving that equitable tolling is appropriate in the

instant matter. *See Pace*, 544 U.S. at 418 (the petitioner bears the burden of establishing both diligence and some extraordinary circumstance).

IV. **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

V. **Conclusion**

Based on the foregoing, Respondents' motion to dismiss will be granted and the habeas petition will be dismissed with prejudice. Additionally, a certificate of appealability will be denied. An appropriate Order follows.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL LASHAWN TAYLOR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Civil Action No. 13-1052 |
| | ) | United States Magistrate Judge |
| BRENDA TRITT, et al., | ) | Cynthia Reed Eddy |
| Respondents. | ) | |

**ORDER**

**AND NOW,** this 25th day of June, 2014, upon consideration of the Motion to Dismiss (ECF No. 6) and the parties' arguments in connection therewith (ECF Nos. 10, 13), **IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss is **GRANTED** and the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF